UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 23-CR-205 (KMM/LIB) |
| Plaintiff, | ) | |
| v. | ) | **MARK ISHAM'S RESPONSE TO GOVERNMENT'S SENTENCING POSITION** |
| MARK ALLEN ISHAM, | ) | |
| Defendant. | ) | |

Mark Isham submits the following response to the Government's position pleading with respect to sentencing. (ECF #118). Mr. Isham objects to the Government's upward departure variance. (ECF #117). Specifically, he objects to the Government's motion for an upward departure pursuant to U.S.S.G. §4A1.3, §5K2.8, §5K2.4, and 5K2.21.

I. **Section 4A1.3 – Underrepresented Criminal History**

The Government argues this Court should increase Mr. Isham's criminal history from category II as determined by the PSR (PSR ¶49), to category V. (ECF #118 at 19). While the Government makes general reference to all of Mr. Isham's past criminal history, the Government specifically cites to paragraphs 45, 60, 64, 65, 67, and 68 of the PSR as the basis for the motion. Mr. Isham objects to the factual allegations of each of these paragraphs and any other paragraph contained in the criminal history section of the PSR that the Government or this Court may rely on in determining a motion pursuant to §4A1.3. *See United States v. Vasquez*, 552 F.3d 734, 739 (8th Cir. 2009). Mr. Isham objects to the use of police reports to summarize the offense conduct outlined in the criminal history sections.

1

Mr. Isham submits that the PSR's calculation adequately captures his criminal history. While there are a number of tribal convictions from 10 to over 20 years ago that have not been counted in his criminal history, those convictions have rightfully not been included. Many of the convictions are old, are misdemeanors, and a number are the result of pleas without the benefit of counsel. There is no information before this Court as to whether Mr. Isham's basic due process rights were provided in the tribal cases. Use of the decades old convictions also ignores the contrast with Mr. Isham's record following his federal conviction in 2012. Following his release from prison in 2015, Mr. Isham has been convicted of only two misdemeanor driving offenses. (PSR at ¶¶47 and 69). No other convictions per the PSR. The absence of criminal history during this time-period belies the application of an underrepresented criminal history enhancement. This Government has made the repeated allegation that C.K. has suffered ongoing abuse by Mr. Isham. But C.K. testified and she did not identify any specific incidents of abuse outside of the instant offense or previously documented incidents. Without more it would be error to enhance Mr. Isham's sentence based on decades old tribal misdemeanor convictions. Mr. Isham's criminal history is properly calculated by the PSR as category II.

## II.   Section 5K2.8 – Extreme Conduct

The Government argues that this Court should impose a sentencing enhancement for extreme conduct pursuant to §5K2.8. To support application of the enhancement the Government points to C.K.'s testimony that she was force fed feces. Mr. Isham denies he did this. The Eighth Circuit has instructed that a departure pursuant to 5K2.8 "is most often imposed for exceptionally egregious behavior." *United States v. Chase*, 451 F.3d

474, 483 (8th Cir. 2006). Indeed, the Eighth Circuit case cited by the Government *United States v. Iron Cloud*, 312 F.3d 379, 382 (8th Cir. 2002), is consistent with this directive. In *Iron Cloud*, the Eighth Circuit upheld a §5K2.8 enhancement finding that the unusually cruel treatment fell outside the heartland of the typical voluntary manslaughter case because after Iron Cloud knocked the victim unconscious he subjected the victim to repeated pain and fear after she revived by forcefully plunging her underwater thirteen to fifteen times before allowing her to be swept by the river's current to her death. The objected to conduct does not meet the "exceptional" requirement the guideline requires and should not be applied.

### III.   Section 5K2.4 – Unlawful Restraint

The Government believes an upward departure is warranted for unlawful restraint of C.K. (ECF #118). As a starting point Mr. Isham's objects to paragraph 11 of the PSR. The testimony at trial was that while C.K. did not have minutes on her phone, she could have called 911 at any time and she knew that she could have called 911 at any time. (C.K. Trial TR Excerpt at pp. 40-41). Additionally, paragraph 11 of the PSR should include the fact that a relative of Mr. Isham, a person C.K. also knew, stopped by the house while she was there and while Mr. Isham was asleep and that she did not ask for any help. (C.K. Trial TR Excerpt at pp. 43-44). The paragraph should also include the fact that C.K. never asked Mr. Isham if she could leave.

While C.K. is an amputee, there is no evidence that she was restrained from leaving the residence. She could have called 911 at any time. She could have asked Mr. Isham's relative to help her leave when he stopped by. She also could have asked Mr. Isham to let

her leave. Without evidence that Mr. Isham proactively kept her restrained an upward departure pursuant to §5K2.4 is unsupported. Further any sentencing issues about her mobility are addressed by the vulnerable victim enhancement.

### IV. Section 5K2.21 – Dismissed/Uncharged Conduct

The Government argues that an upward sentencing departure is warranted for uncharged conduct pursuant to §5K2.21. As a starting point the dismissed tampering charge cannot be considered if the Court finds the two-level enhancement for obstruction pursuant to §3C1.1 is applicable. As for the allegations that Mr. Isham hit C.K. on March 13, 2023, and this constitutes uncharged conduct warranting an upward departure, the offense conduct is, as the Government argued to this Court, intrinsic to the charged conduct. Because the March 13, 2023, allegation is intrinsic, it is part of the applicable guideline range and is not an appropriate basis for an upward sentencing departure.

Dated: October 23, 2024.            Respectfully submitted,

                                    *s/ Aaron Morrison*

                                    AARON MORRISON
                                    Attorney ID No. 0341241
                                    Attorney for Mr. Isham
                                    107 U.S. Courthouse
                                    300 South Fourth Street
                                    Minneapolis, MN 55415