UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-cr-205 (KMM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **GOVERNMENT'S REPLY IN** |
| | ) **SUPPORT OF MOTION FOR** |
| v. | ) **UPWARD DEPARTURE** |
| | ) **AND** |
| MARK ALLEN ISHAM | ) **MOTION FOR EVIDENTIARY** |
| | ) **HEARING AT SENTENCING** |
| Defendant. | ) |

The United States of America, by its undersigned attorneys, respectfully submits this reply in support of its Motion for Upward Departure (ECF No. 117) and moves this Court for evidentiary hearing at sentencing. Mr. Isham has lodged fresh and untimely objections related to Mr. Isham's prior convictions as they are detailed in the Presentence Investigation Report. (ECF No. 121.) Accordingly, to the extent necessary as determined by the Court, the United States seeks to admit testimony from SA Craig Heidenreich at the time of sentencing to address the same.

**I.    PROCEDURAL HISTORY**

On June 7, 2024, a jury convicted Mr. Isham of assault resulting in serious bodily injury and assault resulting in substantial bodily injury. The crimes were the result of Mr. Isham's acts of domestic violence. A presentence investigation followed.

The PSR writer informed the Court and counsel of its preliminary PSR on August 1, 2024. (ECF Nos. 98, 99.) The deadline for objections to the legal and factual findings in the PSR were on August 15, 2024. (*Id*.) Accordingly, Mr. Isham and the United States filed objections on August 15, 2024, and August 14, 2024, respectively. (ECF Nos. 101, 104.) Mr. Isham did not object to any factual findings related to his prior tribal and state conviction record. (ECF No. 104.) As to this portion of the PSR, Mr. Isham stated that he "adopts the findings of the PSR." (*Id*. at 2.)

On October 18, 2024, the United States filed a motion and memorandum in support of an upward departure pursuant to: (1) U.S.S.G. § 4A1.3(a)(1) (criminal history category substantially underrepresents the likelihood that the defendant will commit other crimes); (2) U.S.S.G. § 5K2.8 (extreme conduct); (3) U.S.S.G. § 5K2.4 (abduction or unlawful restraint); and (4) U.S.S.G. § 5K2.21 (dismissed and uncharged conduct). (ECF Nos. 116, 117.) On October 23, 2024, Mr. Isham filed a response to said motion in which he states that now "Mr. Isham objects to the factual allegations of each of these paragraphs and any other paragraph contained in the criminal history section of the PSR that the Government or this Court may rely on in determining a motion pursuant to §4A1.3." (ECF No. 121.) He also objects to "the use of police reports to summarize the offense conduct outlined in the criminal history sections." (ECF No. 121.)

Because these objections are untimely, they should be rejected by this Court. If these objections are honored, and to the extent necessary, the United States seeks leave to introduce limited testimony of FBI SA Craig Heidenreich at the time of sentencing.

## II.   LATE OBJECTIONS SHOULD BE REJECTED

Pursuant to Federal Rule of Criminal Procedure 32(f)(1), "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." The local rules reiterate that objections to the PSR are made at the time prescribed by probation following the circulation of the preliminary report. See D. Minn. LR 83.10(c)(1) (requiring the parties, "[b]y the deadline set by the probation officer in compliance with Fed. R. Crim. P. 32(f)" to "state in writing any objections to the preliminary presentence report, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.").

The Eighth Circuit has acknowledged that "[t]he district court 'may, for good cause, change' the time limit prescribed in Fed. R. Crim. P. 32(f)(1), parties may seek permission from the district court to lodge an untimely objection to the PSR, and the district court retains discretion to allow such new objections upon a showing of good cause." *United States v. Lindsey*, 827

F.3d 733, 736–37 (8th Cir. 2016) (citing Fed. R. Crim. P. 32(b)(2); D. Minn. 83.10(c)(3); Fed. R. Crim. P. 32(i)(1)(D)). In sum, under these rules, parties seeking permission to file late objections must, in some form, affirmatively notify the court of the belated objections and request permission to lodge them. *Id.* And, in so doing, a filer must make a showing of good cause. *Id.* Where such late filed objections fail to meet these requirements, the Eighth Circuit instructs courts to consider only those objections "to the PSR timely filed…within the fourteen-day deadline mandated by both federal and local rules…." *Id.*

Mr. Isham has failed to comply with both federal and local rules in filing late objections to the PSR. Indeed, these objections appear in a response brief to the United States' motion for an upward departure—ten weeks past the August 15, 2024 objections deadline. Mr. Isham was aware of the objections deadline, appropriately and timely filed his objections to the preliminary PSR, and should be held to those objections in accordance with the rules. He has not offered the Court—neither at the time objections were due nor at the time he filed his response brief to the United States' motion for an upward departure—any circumstances that indicate good cause supports this delay.

Moreover, Mr. Isham's belated objections not only defy his stated position with respect to *this* PSR. These same convictions, premised on the

same sets of underlying facts, also appeared in Mr. Isham's PSR in connection with his habitual offender conviction from 2013. *See* Crim. No. 12-cr-297 (DSD). During the pendency of that case, Mr. Isham lodged only one factual objection to the PSR related to his 1997 conviction for Inflicting Corporal Injury on a Spouse—a specific factual objection he in fact did not lodge in this case. In short Mr. Isham has agreed and adopted these same sets of facts in federal court twice. These facts should be considered as they are currently reflected in the PSR.

Given the plain violation of the rule regarding timely objections to the PSR, Mr. Isham's objections to the facts underlying his prior convictions should be disregarded.

### III.    LEAVE TO INTRODUCE TESTIMONY

In the event the Court denies the United States' request to disregard Mr. Isham's late filed objections, the United States requests leave to introduce limited testimony from FBI SA Craig Heidenreich concerning the factual circumstances of Mr. Isham's prior convictions as they are reflected in the PSR. SA Heidenreich testified at Mr. Isham's assault trial in this case as the primary case agent. Indeed, at trial SA Heidenreich introduced Mr. Isham's 2013 federal conviction pursuant to the Court's ruling under Federal Rule of Evidence 404(b). SA Heidenreich was also the primary case agent in connection with Mr. Isham's 2013 habitual offender conviction. He is and has

been necessarily familiar with the circumstances of Mr. Isham's prior domestic assault convictions involving the victim in this case. The United States anticipates SA Heidenreich's direct examination to be limited and last no longer than approximately fifteen to twenty minutes.

IV. **CONCLUSION**

For the foregoing reasons, the United States respectfully requests the Court deny Mr. Isham's late filed objections, or, in the alternative, grant the United States leave to introduce limited testimony from FBI SA Craig Heidenreich concerning the factual circumstances of Mr. Isham's prior convictions at the time of sentencing.

Dated    October 30, 2024                    Respectfully Submitted,

                                             ANDREW M. LUGER
                                             United States Attorney

                                             *s/ Carla J. Baumel*

                                             BY: CARLA J. BAUMEL
                                             BY: NICHOLE J. CARTER
                                             Assistant U.S. Attorneys